IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OLGA MALDONADO, *et al.*,

    **Plaintiffs**

       **v.**

DAMAS FOUNDATION, INC., *et al.*,

    **Defendants**

**CIVIL NO.** 12-1042 (JAG)

## OPINION & ORDER

GARCIA-GREGORY, D.J.

Before the Court is defendant Banco Popular de Puerto Rico's ("Banco Popular" or "Defendant") motion to dismiss (Docket Nos. 42). For the reasons set forth, the Court **GRANTS** Banco Popular's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 2012, Olga Maldonado, by herself an in representation of her minor son, Josued Narvaez-Maldonado (collectively "Plaintiffs"), filed a complaint against Damas Foundation, Inc. ("Damas Foundation"), individually and as settlor of the Hospital Damas Self Insurance Trust Fund ("Damas Trust"), Banco Popular, as trustee of the Damas Trust, and several members of the Board of Directors of Damas Foundation (collectively "Defendants"). (Docket No. 1) Plaintiffs allege Defendants incurred in several violations of the Insurance Code

Civil No. 12-1042 (JAG)                                              2

of Puerto Rico in connection with the misuse of the funds
created as a self-insurance fund for the payments of medical
malpractice claims against Hospital Damas, Inc. ("Hospital
Damas"). According to Plaintiffs, Damas Foundation and Banco
Popular depleted the Damas Trust's funds, impairing Plaintiff's
capacity, as beneficiaries of the trust, to collect a judgment
obtained against Hospital Damas.[1] Plaintiffs also assert that
Damas Foundation is liable for the payment of the judgment
because they are the entity that operates and administers the
Hospital Damas. In addition to the judgment amount, Plaintiffs
request an accounting in regard to the use of the funds and that
Defendants replenish the Damas Trust. (See Docket No. 4, Amended
Complaint).

On November 20, 2012, Banco Popular filed a motion to
dismiss alleging, *inter alia*, that this Court did not have
primary jurisdiction to resolve this case (Docket nos. 42).
Plaintiffs timely opposed said motion (Docket No. 62).


**ANALYSIS**

Primary Jurisdiction

Defendant request that this case be dismissed because the
Office of the Insurance Commissioner has primary jurisdiction to
entertain the claims brought forth in the complaint. (See Docket

---

[1] The previous case was Civil No. 09-1240 (CCC); Judgment was entered on June
13, 2011, (docket no. 61).

Civil No. 12-1042 (JAG)                                          3

No. 42, p. 14). Their argument for dismissal relies heavily on a
recent decision from the state court, <u>Narvaez-Maldonado v. Banco</u>
<u>Popular de Puerto Rico</u>, Case No. KLCE201200944. (<u>See</u> docket no.
59-1).[2] Defendant argues that Plaintiffs' allegations in this
case mirror those in <u>Narvaez</u>[3]; specifically, that Banco Popular
and Damas Foundation violated the Insurance Code, which in
turned affected their rights to collect the full judgment
against Hospital Damas. It posits that the Court must, as the
state court did, dismiss the claims without prejudice of them
being filed before the Office of the Insurance Commissioner. We
turn to the Court's reasoning in <u>Narvaez</u>, and then examine its
applicability in the case at bar.

     The state court in <u>Narvaez</u> first maintained that, although
governed under the provisions of the Civil Code, the Damas Trust
was created pursuant to article 41.050 of the Insurance Code.
Said article establishes that a hospital, in order to comply
with its financial responsibility to pay for medical malpractice
claims, may establish a guarantee trust. (<u>See</u> Docket No. 59-1,
pp. 16-17)  The Trust must comply with certain requirements, and

---

[2]  Because this is a diversity jurisdiction case, the Court must apply
substantive state law. <u>Hanna v. Plumer</u>, 380 U.S. 460, 471 (1965)
[3]  The state case was brought by Emifer Narvaez-Maldonado, son and brother of
plaintiffs in the instate case, Olga Maldonado and Josue Narvaez-Maldonado,
respectively. Emifer Narvez-Mladonado is also creditor of Hospital Damas
pursuant to a judgment entered in Civil No. 09-1240 (CCC). He sought the
removal of said bank as trustee of Damas Fund, and the annulment of Banco
Popular's actions as trustee.

Civil No. 12-1042 (JAG)                                             4

in no case, may funds be withdrawn without the prior
authorization of the Commissioner. PR Laws Ann. tit. 26 § 4150.

    The court in Narvaez relied on Jimenez Lopez, et al v.
SIMED, 180 D.P.R. 1, 8 (2010) to dismiss that action.

> In our jurisdiction, the insurance industry is
> invested with a great public interest due to its
> importance, complexity, and effect on the economy and
> society. For these reasons, it is regulated
> extensively by the State through the . . . Insurance
> Code of Puerto Rico ... and the Civil Code serving as
> a source of supplemental law. (...) Furthermore, it is
> the Insurance Commissioner who oversees compliance
> with the dispositions of the Insurance Code . . . The
> high public interest is even more palpable insofar as
> medical-hospital liability insurance is concerned.
> (citations omitted)(our translation).

The local court held that because the Insurance Commissioner has
been delegated the power to authorize and oversee compliance of
the medical-hospital responsibilities in cases of malpractice,
(see Docket No. 59-1, p. 17)[4], the Office of the Insurance
Commissioner was the proper forum to attend the dispute. The
guarantee trust in this case, the Damas Trust, is the same that
was in controversy in Narvaez; and it is, as the court local
court explained, governed by special legislation which provides
a forum for the disposition of related cases. Though the Narvaez

---

[4] The Commissioner shall have the authority to settle controversies on
violations of the Insurance Code or the regulations thereunder, pursuant to
the procedure set forth in the Uniform Administrative Procedure Act. PR Laws
Ann. tit. 26 § 235.

Civil No. 12-1042 (JAG)                                         5

decision is not binding precedent, the state court's reasoning is persuasive, and moves the Court to dismiss this case in favor of a resolution by the Insurance Commissioner.[5]

Plaintiffs raise just one defense against Defendant's position: since Plaintiffs are seeking damages, unlike the plaintiffs in state court, the court cannot dismiss this case. They contend that local courts prohibit it, quoting the following:

> In short the general rule is that a court shall apply the doctrine of primary jurisdiction in any case where the expertise of an agency is indispensable to resolve the controversy', Ortiz v. Panel F.E.I., supra, page 247. 'By way of exception, if the issue involved is strictly of law'(as in this case which deals with a counterclaim based on a cause of action for damages pursuant to Article 1802 of the Civil Code), the court will retain jurisdiction. Condominio Victoria Plaza v. Gomez-Estremera, 184 D.P.R. 407, 431 (2012)(citing Ortiz v. Panel F.E.I., 155 D.P.R. 219, 246 (2001).

Unfortunately, we find that the exception discussed in Gomez-Estrera is not applicable in this case. Plaintiffs' complaint

---

[5] Of similar nature is the case when a guarantee fund is liquidated. In those proceedings, local courts have held that a consolidation of claims in the administrative forum is proper, "to prevent and avoid somebody form obtaining any type of preference, judgment, embargo or privilege, in detriment to the rest of the creditors." A.I.J. Co. v. San Miguel, 161 DPR 589, 609 (2004). This concern leads courts to dismiss cases of this nature, in favor of their resolution before the Office of the Insurance Commissioner. San Jose Realty S.E. v. El Feniz de PR, 157 DPR 427, 441-442 (2002). Here, Plaintiffs are but two of many creditors of Hospital Damas pursuant to the Judgment entered in Civil No. 19-1240 (CCC). Thus, the Court is inclined to follow the Court's reasoning in San Miguel. Id.

Civil No. 12-1042 (JAG)                                             6

alleges a series of violations to the Insurance Code by the
Banco Popular, as Trustee, and Damas Foundation, as Settlor of
the Damas Fund; among them: that funds were withdrawn from the
trust without prior authorization from the Commissioner; that
Banco Popular invested more than 5% (the legally allowed amount)
of funds in shares issued by a corporation; and that the balance
of the fund was below the legal minimum. (See Docket No.1, p. 6-
9) We understand that the expertise of the Office of the
Insurance Commissioner will be necessary in the factual findings
and legal conclusions that will be made regarding the compliance
issues with the Insurance Code. Plaintiffs also seek restitution
of the funds and removal of Banco Popular, which the state court
already held should be sought before the Commissioner.[6]  To hold
that this Court has primary jurisdiction over this case simply
because Plaintiffs allege damages (curiously equal to the amount
obtained in the judgment) is not persuasive. The need for the
expertise of the Insurance Commissioner in a suit of this nature
heavily weighs in favor of dismissal.

        We conclude that the Office of the Insurance Commissioner,
as opposed to the Court, has primary jurisdiction to resolve the
dispute before us. Therefore, Plaintiffs' First, Second, and

---

[6] The supplementary nature of the Civil Code in these cases, allow the
Commissioner to attend a claim using the summary proceeding of Article 858
and 870. Narvaez, Case No. KLCE201200944; docket no. 59-1, p. 21.

Civil No. 12-1042 (JAG)                                                 7

Third Cause of action shall be dismissed.[7] Lastly, considering the Court's ruling on the issue of primary jurisdiction, the rest of the arguments presented by Banco Popular are moot.


### CONCLUSION

In light of the foregoing, the Court hereby **GRANTS** Banco Popular's motion to dismiss. (Docket Nos. 42). Accordingly, Partial Judgment shall be entered dismissing Plaintiffs' First, Second and Third cause of action, and dismissing this case against Banco Popular *without prejudice*.


**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of May, 2013.


                                        S/ Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge

---

[7] Plaintiffs' First, Second, and Third Cause of Action all depend on whether defendants violated the Insurance Code. .