IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OLGA MALDONADO, *et al.*,<br><br>**Plaintiffs**<br><br>v.<br><br>DAMAS FOUNDATION, INC., *et al.*,<br><br>**Defendants** | **CIVIL NO.** 12-1042 (JAG) |

**OPINION & ORDER**

GARCIA-GREGORY, D.J.

Before the Court are several motions for summary judgment filed by Olga Maldonado and Josued Narvaez-Maldonado's ("Plaintiffs"),(Docket No. 106), and Damas Foundation, Inc. ("Damas Foundation"),(Docket Nos. 80, 109). For the reasons set forth, the Court **GRANTS IN PART** Defendant's motions and **DENIES** Plaintiff's motion.

**BACKGROUND**

In March 2009, Plaintiffs filed a medical malpractice complaint against a defendant named as "Hospital Damas" and several other defendants. In June 2011, the case was dismissed with prejudice after the parties reached a settlement agreement: Plaintiffs would receive eight hundred thousand dollars ($800,000), of which Hospital Damas would pay five hundred thousand dollars ($500,000). One year later, Hospital Damas,

Inc. filed for bankruptcy. See In re Hospital Damas, Inc., No. 10-8844 (EAG)(Bankr. D.P.R. filed Sept. 24 2010). There, a group of creditors collectively called the "medical malpractice claimants" (the "claimants") filed a motion to dismiss alleging that Hospital Damas, Inc. was operating the hospital without a license. Claimants argued that Hospital Damas, Inc. was acting fraudulently and in bad faith, since Damas Foundation, Inc., and not Hospital Damas, Inc., was the entity licensed to operate the hospital. (Docket No. 81-7). Plaintiffs joined the claimants' motion to dismiss. (Docket No. 110-1, at 1).

The Bankruptcy Court held an evidentiary hearing on the issue and denied the claimants' motion to dismiss, finding that Hospital Damas, Inc. had not acted in bad faith or fraudulently. See In re Hospital Damas, Inc., No. 10-8844 (EAG) 2012 WL 1190651 (Bankr D.P.R. Apr. 9, 2012).

In January 2012, Plaintiffs filed this suit against Damas Foundation, Inc., Banco Popular de Puerto Rico and members of the Board of Damas Foundation, Inc. (Docket Nos. 1, 4.). Plaintiffs allege, among other things, that Damas Foundation is liable for the judgment entered in the previous case against Hospital Damas. Banco Popular filed a motion dismiss alleging that the Commissioner of the Office of Insurance had primary jurisdiction to resolve Plaintiffs' first, second and third cause of action, which all relate to the alleged mismanagement

of the Hospital Damas Self Insurance Trust Fund ("Trust").[1] The Court found for Banco Popular, and dismissed these claims.[2]

Now Plaintiffs move for partial summary judgment solely on Plaintiff's fourth cause of action, while Damas Foundation argues that a threshold matter — issue preclusion — forecloses Plaintiff's case, pointing to the findings of the Bankruptcy Court. We review these findings below.

   I.   Bankruptcy Court's findings

During Hospital Damas, Inc.'s bankruptcy proceeding, the Court held an evidentiary hearing on the issue raised in claimants' motion to dismiss, i.e. whether Hospital Damas, Inc. had acted fraudulently and in bad faith. Motion to Dismiss, In re Hosp. Damas, Inc. No. 10-8844 (EAG)(Bankr. D.P.R. filed Feb. 28, 2012).

Following the hearing, the Bankruptcy Court issued an opinion and order denying the claimants' motion to dismiss and finding that Hospital Damas, Inc. had not committed fraud. See

---

[1] Under state law, a hospital may establish a trust to comply with its financial responsibility for payment of medical malpractice claims. P.R. Laws Ann. tit. 26 § 4150.

[2] Plaintiffs, therefore, have three remaining claims. The fourth cause of action alleges that Damas Foundation, Inc. was doing business as Hospital Damas, and is therefore liable for the Judgment entered against "Hospital Damas." The fifth cause of action alleges that Damas Foundation is liable to Plaintiffs for the payment of the Judgment either because: (1) Hospital Damas, Inc. and Damas Foundation, Inc. operated as one entrepreneurial activity; (2) Damas Foundation is jointly liable with Hospital Damas, Inc.; (3) Hospital Damas is responsible due its operation and administration of the hospital, or Hospital Damas, Inc. is an agent of Damas Foundation and thus Damas Foundation is vicariously liable. And the sixth cause of action alleges that, "an order granting relief may be enforced against a nonparty." (Docket No. 4).

<u>In re Hospital Damas, Inc.</u> No. 10-8844 (EAG). 2012 WL 1190651 (Bankr D.P.R. Apr. 9, 2012). The Court, in its decision, made several findings of fact. Among these findings and relevant to this discussion are the following:

(1) Damas Foundation owns the real property on which Hospital Damas is located. Prior to 1987, it operated Hospital Damas. However, in 1987, Damas Foundation incorporated Hospital Damas, Inc. and leased to it the hospital facility;

(2) To operate a hospital in Puerto Rico, a hospital must have a certificate of need and convenience ("CNC") *and* a license issued by the Puerto Rico Department of Health ("PRDOH"); these are not transferable;

(3) The records at PRDOH reflect that before 2012, Hospital Damas, Inc. *did not* have a CNC or lease approval. Furthermore, it reflects that Damas Foundation is the entity authorized to operate Hospital Damas;

(4) However, in 1999, a CNC was issued to Hospital Damas, Inc. giving it permission to add beds to Hospital Damas. Also, a 2001 report by a PRDOH examining officer found that Hospital Damas, Inc. was the administrator of Hospital Damas;

(5) The issuing of a CNC by the PRDOH in 1999 indicated confusion within PRDOH; moreover, throughout the years, PRDOH was inconsistent in issuing licenses to operate the hospital — some were issued to Hospital Damas, Inc., others to Hospital

Civil No. 12-1042 (JAG)                                                5

Damas of Damas Foundation, Inc. and others to Damas Foundation, Inc.;

(6) In March 2012, PRDOH issued a new CNC for Hospital Damas, Inc; and

(7) PRDOH knew, since at least 2001, that Hospital Damas, Inc. was operating and administering Hospital Damas. See id. at *5-7.

Upon this record, the Bankruptcy Court found that "[Hospital Damas, Inc.] has been operating Hospital Damas since 1987." Id. at *6. This, notwithstanding that as of February 17, 2012, Hospital Dams, Inc. *did not* have the CNC and license from the PRDOH required to operate a hospital facility under Puerto Rico law. The Bankruptcy Court noted that the issue regarding the CNC and the license "should have been taken care of in 1987 when Damas Foundation transferred the hospital operation to [Hospital Damas, Inc]." Id. However, it found that due to the inconsistencies in PRDOH's issuance of licenses and CNCs, it was "reasonable to infer that [Hospital Damas, Inc.] itself inadvertently failed to realize that there was a problem with its CNCs and licenses . . . ." Id.

Plaintiffs now allege that Damas Foundation was doing business as "Hospital Damas" because it was the entity operating the hospital, and so is liable for the settlement amount in the malpractice case. This, however, was settled by the bankruptcy

Court. Below we discuss why the Bankruptcy Court's findings ultimately foreclose Plaintiff's claim.[3]

  II.  Issue Preclusion[4]

Issue preclusion stands for the principle that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies." Southern Pacific Railroad v. United States, 168 U.S. 1, 48-49 (1897). But this doctrine is subject to certain conditions which must be met for it to apply:

> (1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment.[5]

Ramallo Bro. Printing, Inc., v. El Dia, Inc., 460 F.3d 86, 90 (1st Cir. 2007) (citing Keystone Shipping, Co. v. New England

---

[3] Plaintiffs claim that the Bankruptcy Court's opinion cannot be used by the Court as it constitutes hearsay. This is incorrect. The hearsay rule prohibits the Court to take judicial notice of the facts of an opinion without more. But the doctrine of issue preclusion provides that certain requisites must be met to conclude that a particular issue has been decided, and cannot be relitigated.

[4] Here, federal law controls the application of issue preclusion. See Charles Alan Wright, et al., 17A Federal Practice and Procedure § 4226, at n.10 (3d ed. 2013))("The preclusive effect of federal court litigation is a question of federal law.")

[5] Perfect identity of parties is notably excluded from this list. The reason is that "mutuality is no longer strictly required for the application of collateral estoppel in federal courts." Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 771 (1st Cir. 2010). The relevant question becomes "whether a party has had a full and fair opportunity for judicial resolution of the same issue." Id.

Civil No. 12-1042 (JAG)                                                7

Power Co., 109 F.3d 46, 51 (1st Cir. 2007). We address each requirement individually.

   1. Same Issue

The Court is mindful that the ultimate issue in the bankruptcy case was not the same issue now before the Court. In the bankruptcy case, the issue was whether Hospital Damas Inc.'s application for bankruptcy should be dismissed because of fraud and bad faith; here, the issue is whether the entity in charge of operating Hospital Damas was Damas Foundation, and was thus doing business as "Hospital Damas."[6]

Nonetheless, issue preclusion is "no longer limited to ultimate issues: necessary intermediate findings can now be used to preclude litigation." Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 771 (1st Cir. 2010) (quoting Biggins v. Hazen Paper Co., 111 F3d 205, 210 (1st Cir. 1997)); see also Restatement (Second) of Judgments § 27, cmt. j (1982). The question thus turns on whether the issue of the entity operating the hospital was *necessary* for the ultimate finding in the bankruptcy court. We find it was.

---

[6] Plaintiffs argue that even if Damas Foundation did not operate the hospital, their fourth cause of action cannot be dismissed. This is unpersuasive. That Damas Foundation was operating the hospital is the necessary premise of Plaintiffs' claim. This is patently clear from Plaintiff's motion for partial summary judgment, where Plaintiffs attempt to show that Damas Foundation was in fact operating the hospital. Indeed, the only way Plaintiffs can prove that Damas Foundation did business as Hospital Damas, *and* then attain the result it wants — attach liability to Damas Foundation for the malpractice claims — is if Damas Foundation operated the hospital.

Indeed, the evidentiary hearing centered on the question of Hospital Damas's operation, and, moreover, the finding that Hospital Damas, Inc. has been operating Hospital Damas *was the basis* for the court's decision that Hospital Damas, Inc. had not acted fraudulently or in bad faith.[7] Plaintiffs here attempt once more to prove that since Damas Foundation, and not Hospital Damas, Inc., was the entity licensed to operate Hospital Damas, Damas Foundation was the operator of the hospital and must be held responsible for the settlement agreement signed with "Hospital Damas." Notwithstanding the ultimate issue in the bankruptcy case, the issue of fact here is identical to the matter before the Bankruptcy Court. Accordingly, the first element of the issue preclusion analysis is met.

   2. Actually Litigated

The Court understands that the Bankruptcy Court, as well as the parties, recognized that the issue concerning the operation of the Hospital was highly relevant, if not the crux of the claimants' motion. See Restatement (Second) of Judgments § 27 cmt. j. (1982) ("the appropriate question, then, is whether the

---

[7] Plaintiffs further argue that the finding made by the Bankruptcy Court does not rule out that both Hospital Damas, Inc. *and* Damas Foundation were operating the hospital. The Court disagrees. What entity was operating the hospital was precisely at issue, inasmuch as Plaintiffs alleged it was Damas Foundation while Hospital Damas, Inc. alleged that it was the operator of the Hospital. It is thus reasonable to infer that when the Bankruptcy Court found that "[Hospital Damas Inc.] has been operating the hospital since 1987" it excluded the possibility that Damas Foundation was also operating the hospital.

issue was actually recognized by the parties as important"). It was (1) raised by the parties, (2) an evidentiary hearing was held on the matter, and (3) the court, as a result, made findings of fact. It was therefore "actually litigated." See Restatements (Second) of Judgments § 27, cmt. D (1982)(an issue is "actually litigated" when the "issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined"). The second element is easily met.

3. Valid and Binding Judgment

Next, we examine whether the issue was determined by a valid and binding final judgment. A final judgment is one that "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."[8] Restatement (Second) Judgment § 13 (1982). Among the factors supporting a conclusion that a decision was "adequately deliberated and firm" are that the parties were fully heard, the decision is supported with a reasoned opinion, and the decision was reviewed on appeal. Restatement (Second) Judgment § 13, cmt. g (1982).

The Bankruptcy Court, after holding the hearing in which both claimants and Hospital Damas, Inc. were present, issued a

---

[8] Courts have noted that "the finality requirement is less stringent for issue preclusion than for claim preclusion." Christo v. Padgett, 223 F.3d 1324, 1338 (11th Cir. 2011).

substantial eleven-page opinion finding that Hospital Damas, Inc. has been the hospital's operator and administrator since 1987. At the hearing, the claimants called two witnesses: Wanda L. Rodriguez;-Hernandez, Esq., the Assistant Secretary of Regulation and Accreditation of Medical Facilities at PRDOH and Julio Colon-Rivera, Hospital Damas, Inc.'s Chief Financial Officer. Both witnesses were cross-examined and confronted with various documents pertaining to the licenses and CNC issued by the PRDOH. Nothing brought forth by Plaintiffs here suggests that these proceedings were unfair or incomplete.[9] Finally, the Bankruptcy Court confirmed Hospital Damas's reorganization plan.[10] (Docket No. 100-17). For these reasons, we find that for purposes of issue preclusion the decision was final.

4. Essential to the judgment

Next, at issue is whether the finding was essential to the judgment. In this discussion, "the appropriate question . . . is

---

[9] The Court notes that Plaintiffs bring forth new evidence that allegedly proves that Damas Foundation was operating the Hospital. However, "[p]reclusion cannot be deferred by offering new evidence that could have been but was not, admitted in the earlier proceeding." Yamaha Corp. v. United States, 961 F.2d 245, 254-255 (D.C. Cir. 1992). (citations omitted).

[10] The Court is mindful the Bankruptcy Court noted in its opinion and order that Plaintiffs had filed suit against Damas Foundation in this district and that, moreover, the language in the reorganization plan establishes that Plaintiffs do not waive any possible claims against Damas Foundation. (See Docket No. 100-16, Amended Consented Supplement to Joint Amended Plan of Reorganization). This, however, does not bar the effect of issue preclusion. Plaintiffs certainly may sue to attach liability to Damas Foundation for the medical malpractice claim against Hospital Damas; *but,* not under the theory that Damas Foundation was the operator of the hospital — this may not be relitigated.

whether the issue was actually recognized by the parties as important. Restatement (Second) of Judgments § 27, cmt. j (1982). As discussed above, the issue was recognized by the parties as key to the merits of the motion to dismiss. And, in the end, the fact that Hospital Damas, Inc. was operating the hospital, with PRDOH's knowledge, was the reason that the court found Hospital Damas had not acted fraudulently or in bad faith. We thus find that the issue was necessary to the court's judgment.

But Plaintiffs argue that the Bankruptcy Court issued alternate holdings and so the decision was not conclusive with respect to the finding on the hospital's operator. Plaintiffs base their argument on the following section from the Bankruptcy Court's opinion:

> Even if, *arguendo*, the lack of good faith were a cause for dismissal under section 1112(b) and the movants had established it by a preponderance of the evidence, the court would still deny the motion to dismiss. This is so because the court finds "unusual circumstances establishing that converting or dismissing the case is not in the best interest of creditors and the estate . . . ."

In re Hospital Damas, Inc. No. 10-8844 (EAG). 2012 WL 1190651, at *6 (Bankr D.P.R. Apr. 9, 2012). On this point, Plaintiffs also argue that they had no incentive to appeal this decision, since the same might have been affirmed on either ground. See Restatement (Second) of Judgments § 27, cmt. i (1982)("If a judgment of a court of first instance is based on determinations

Case 3:12-cv-01042-JAG   Document 144   Filed 03/31/14   Page 12 of 17
Civil No. 12-1042 (JAG)                                               12

of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone.")

This argument gives the Court some pause. *However*, "[t]here may be cases where, despite these considerations, the balance tips in favor of preclusion because of the fullness with which the issue was litigated and decided in the first action." Id. Here, the bulk of the Bankruptcy Court's opinion consists of an analysis of the evidence presented at the hearing and the factual findings as to the hospital's operation. This Court understands that the alternate finding made by the Bankruptcy Court is in that sense outweighed by the nature of the hearing and the manner in which the issue was decided.

The decision of this Court ultimately boils down to the fact that the parties had the "full and fair opportunity" for determination of this issue, which, according to First Circuit precedent, is "at the centerpiece of modern issue preclusion." Manganella v. Evanston Inc. Co., 700 F.3d 585, 594 (1st Cir. 2012)(citing Rodriguez-Garcia, 610 F.3d at 771). Plaintiffs are thus barred from relitigating the issue of the Hospital's operation and administration. Plaintiff's fourth cause of action cannot stand and will be dismissed.

Civil No. 12-1042 (JAG)                                              13

   III. State Court Case

   Plaintiffs, in support of their claim, request that the Court take judicial notice of an opinion recently issued by the Puerto Rico Court of Appeals in case no. KLAN201201997 (January 27, 2014). The procedural facts in that case are almost identical to Plaintiffs' journey here.

   Emifer Narvaez, son of plaintiff Olga Maldonado, sued "Hospital Damas" for the same acts of medical malpractice that triggered Olga Maldonado and Josued Narvaez-Maldonado's suit against Hospital Damas. Narvaez reached a settlement with Hospital Damas, Inc.; but Hospital Damas, Inc. later filed for bankruptcy. Narvaez filed a motion requesting that the defendant's name be amended *nunc pro tunc* to "Damas Foundation Inc., d/b/a Hospital Damas" because, among other things, Damas Foundation was the only entity licensed to operate the hospital. In the alternative, Narvaez requested that, under Rule 15.3 of Puerto Rico Rules of Civil Procedure,[11] Damas Foundation be deemed a party in the suit, and liable for the malpractice claim, i.e., the settlement agreement, inasmuch it also did business under the "Hospital Damas" name. The state court denied Narvaez's motion and his subsequent motion for an evidentiary

---

[11] Rule 15.3 provides that "[w]henever two (2) or more persons do business under a common name, regardless of whether or not said name contains the names of said persons, they may be sued under the common name and service upon one of them shall be sufficient." 32 L.P.R.A. App. III, Rule 15.3.

hearing on the issue of which entity used the name "Hospital Dams" to do business.

The Court of Appeals has since reversed the Court of First Instance's ruling, finding that the doctrine of res judicata does not bar the Narvaez's claim against Damas Foundation, and remanded for an evidentiary hearing on the issue of whether Damas Foundation did business under the name "Hospital Damas" and is therefore jointly liable for the settlement agreement.

Plaintiffs now request the same result here. We decline to do so. The Court of Appeals found relevant that the bankruptcy proceedings are *sui generis* and that claimants' motion to dismiss did not convert the proceedings into adversarial proceedings. This is, first of all, not entirely accurate. At the hearing before the Bankruptcy Court, claimants presented evidence to prove the hospital was operated by Damas Foundation, while debtor cross-examined claimants' witnesses and presented evidence of its own *contrary* to claimant's position. Second, and more importantly, bankruptcy court decisions *trigger normal res judicata principles*. FDIC v. Shearson-American Express Inc., 996 F.2d 493, 497 (1st Cir. 1993)(citing Katchen v. Landy, 382 U.S. 323, 334 (1966)).

The Court of Appeals then concludes that the Bankruptcy Court simply made a holding on whether there was fraud on behalf

Civil No. 12-1042 (JAG)                                                      15

of Hospital Damas, and that its findings cannot "in any way constitute a final determination on whether Damas Foundation is liable to plaintiff for the amount owed by Hospital Damas." (Docket No. 139-1, p. 31)(our translation). This denotes a confusion of the collateral estoppel doctrine. We agree that the Bankruptcy Court's ruling is not a final decision on whether Damas Foundation may be held liable for the amount owed by Hospital Damas, Inc., for that would be claim preclusion[12] — we simply hold that the *factual issue* of the hospital's operator was previously adjudicated, and cannot be now relitigated. Significantly, the Court of Appeals reaches its holding without discussing whether the elements of issue preclusion are met. For these reasons, we find that the Court of Appeals' decision is not persuasive, and we decline to follow it.

### IV. Plaintiff's Fifth and Sixth Cause of Action

Plaintiffs have two remaining causes of action, neither of which is addressed in Defendant's motion. Defendant seems to argue that dismissal is proper relying solely on issue preclusion. But issue preclusion does not bar all of Plaintiff's claims. Plaintiffs also allege that Damas Foundation is liable for the judgment entered against Hospital Damas, Inc. under

---

[12] Claim preclusion "bars litigation of claims that were or should have been brought in an earlier suit. Airframe Systems, Inc. v. Raytheon Co., 520 F.Supp.2d 258, 264 (D. Mass. 2007).

several theories including, for instance, vicarious liability. Damas Foundation has not put the Court in a position to rule on these remaining claims, even though they are ripe for summary judgment. Accordingly, **Plaintiffs are ordered to move for summary judgment on the fifth cause of action.**

As to Plaintiff's sixth cause of action, Plaintiffs allege that under Fed. R. Civ. P. 71 Damas Foundation must be ordered to pay for the judgment entered against Hospital Damas in the previous suit. The Court notes several problems with this claim.

First, this rule states that "[w]hen an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Fed. R. Civ. P. 71. So an order must actually be issued against the nonparty. Here, the judgment was entered pursuant to a settlement agreement in which Hospital Damas, Inc., not Damas Foundation, was sued. Damas Foundation was, moreover, not a signatory to this agreement. Fed. R. Civ. P. 71 is thus inapplicable, as it is hornbook law that an agreement may not be enforced against a nonparty. However, because this claim is not specifically addressed by Plaintiffs or Defendant, **Plaintiffs are ordered to show because why the sixth cause of action should not be dismissed with prejudice for the reasons stated here.**[13]

---

[13] See Fed. R. Civ. P. 56(f) ("after giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after

### CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Damas Foundation's motions for summary judgment (Docket Nos. 80, 109), and **DENIES** Plaintiffs' motion for partial summary judgment. (106). Plaintiff's fourth cause of action shall be dismissed with prejudice. Plaintiffs' motion for summary judgment on the remaining claims, and show cause response due by May 16, 2014.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2014.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

identifying for the parties material facts that may not be genuinely in dispute").